# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       21-16-SDD-RLB

MICHAEL FORD

## RULING

This matter is before the Court on the Motion to Vacate under 28 U.S.C. 2255[1] filed by Defendant, Michael Ford ("Ford"). The Government has opposed this Motion.[2] For the reasons below, Ford's Motion is denied.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On September 15, 2021, Ford pled guilty to one count of possession of a firearm by a convicted felon.[3] On January 6, 2022, Ford was sentenced to a term of imprisonment of 30 months, followed by three years of supervised release.[4] Shortly after being sentenced, Ford filed this Section 2255 motion on March 11, 2022. The Court ordered the Government to respond; the Government complied and argued that the Court lacked jurisdiction over Ford's Section 2255 Motion since he filed a direct appeal to the United States Fifth Circuit Court of Appeals.[5] The Court took no action at that time.

---

[1] Rec. Doc. 45.
[2] Rec. Docs. 54, 71.
[3] Rec. Docs. 28, 41.
[4] Rec. Doc. 41.
[5] Rec. Doc. 54, pp. 1-3.

The Fifth Circuit dismissed Ford's appeal,[6] and the Court ordered the Government to file a Supplemental Response, which it did.[7]

At present, Ford has been released from the custody of the Bureau of Prisons,[8] but he remains on supervised release. Section 2255(a) requires that, at the time an inmate files a motion or petition, he must be "in custody" for the conviction or sentence being challenged for the habeas court to have jurisdiction.[9]  Here, Ford was incarcerated at the time he filed this motion, and he remains on supervised release; thus, he satisfies the "in custody" requirement for purposes of § 2255.[10]

## II.  LAW AND ANALYSIS

### A.  Relief Under Section 2255

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such a sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack." Relief under Section 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[11]

The district court must conduct a preliminary review when a Section 2255 motion is filed.[12] "If it plainly appears from the motion, any attached exhibits, and the record of

---

[6] Rec. Doc. 66.
[7] Rec. Doc. 71.
[8] *See* https://www.bop.gov/inmateloc// (last visited November 5, 2024).
[9] *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000).
[10] *United States v. Parker*, 927 F.3d 374, 377-78 n.5 (5th Cir. 2019) (citing *United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012)).
[11] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[12] *United States v. Hutton*, No.16-184, 2020 WL 5517332, at *2 (E.D. La. Sep. 14, 2020).

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[13] Next, a court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[14] An evidentiary hearing is required if the prisoner produces any "independent indicia of the likely merit of [his] allegations."[15]

Further, an issue raised for the first time in a Section 2255 motion will only be considered if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[16] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[17]

### B. Ineffective Assistance of Counsel

Ford labels his motion as "Post Conviction 2255 Ineffective [Assistance] of Counsel on Direct Appeal."[18] *Strickland v. Washington* articulates the standard for these claims.[19] In *Strickland*, the Supreme Court held that, to obtain relief, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.[20] A deficient performance is one in which the attorney's actions were unreasonable under prevailing professional norms.[21] A defendant must prove both prongs to succeed in an ineffective assistance of counsel claim.[22]

To prevail on the deficiency prong, a petitioner must demonstrate that counsel's

---

[13] Rules Governing § 2255 Proceedings, Rule 4(b).
[14] 28 U.S.C. § 2255(b).
[15] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[16] *United States v. Frady*, 456 U.S. 152, 167-68 (1982).
[17] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[18] Rec. Doc. 45., p. 1.
[19] *Strickland v. Washington*, 466 U.S. 668 (1984).
[20] *Id.* at 687.
[21] *Id.* at 688.
[22] *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[23] "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."[24]  In analyzing counsel's performance, a reviewing court must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances.[25] The reviewing court must "judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[26] Furthermore, a petitioner must overcome a strong presumption that defense counsel's conduct falls within a wide range of reasonable representation.[27] "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[28]  "Judicial scrutiny of counsel's performance must be highly deferential," and the court must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[29] With these principles in mind, federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise.[30]

Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.[31] A

---

[23] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[24] *Strickland*, 466 U.S. at 688.
[25] *Id*. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).
[26] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690).
[27] *Harrington v. Richter*, 562 U.S. 86, 104 (citing *Strickland*, 466 U.S. at 689).
[28] *Bell v. Cone*, 535 U.S. 685, 702 (citing *Strickland*, 466 U.S. at 689).
[29] *Strickland*, 466 U.S. at 689.
[30] *Id.*; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)(counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'")(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).
[31] *See United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).

reasonable probability is one that is sufficient to undermine confidence in the outcome.[32] Furthermore, "[t]he petitioner must 'affirmatively prove,' not just allege, prejudice."[33] This standard requires a "substantial," not just "conceivable," likelihood of a different result.[34] In making this determination as to prejudice, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[35] Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief.[36]

In his one-and-a-half-page handwritten motion, Ford fails to provide the Court with any facts, arguments, or authority to support his request for relief.  In fact, as the Government notes, he makes absolutely no allegations in his motion as to how his counsel was ineffective.  He presents limited case law on motions to suppress, but he offers no facts or arguments tying this jurisprudence to his claims against counsel. Although courts liberally interpret the pleadings of *pro se* litigants, Ford's vague and indecipherable "claims" do not even allow the Court to *infer* the actual claims he makes against counsel.

Indeed, the pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[37] Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to

---

[32] *Strickland*, 466 U.S. at 694.
[33] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693).
[34] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).
[35] *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986).
[36] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)(citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).
[37] *Haines v. Kerner*, 404 U.S. 519 (1972).

raise a constitutional issue."[38] Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[39]  Here, there are not even conclusory allegations; there are no allegations at all. Thus, Ford's motion must be denied.

### III.    CONCLUSION

For the reasons set forth above, Ford's Motion to Vacate under 28 U.S.C. 2255[40] is DENIED.  For the same reasons, a certificate of appealability is also DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  5th  day of December, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[38] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[39] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[40] Rec. Doc. 45.